IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PAUL S. HENDERSON, | ) CASE NO. 1:11CV0219 |
| Plaintiff, | ) |
| | ) JUDGE DONALD C. NUGENT |
| v. | ) |
| CITY OF CLEVELAND, *et al.*, | ) MEMORANDUM OF OPINION |
| | ) AND ORDER |
| Defendants. | ) |

Plaintiff *pro se* Paul S. Henderson filed this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against the City of Cleveland, Cuyahoga County Deputy Sheriff Anthony Quirino, Cuyahoga County Prosecutor William Mason, Cuyahoga County, Ohio Common Pleas Court Judge Shirley S. Saffold, Margaret Beightler, Warden of the Marion Correctional Institution, Prison Cashier Sterlingnl, Assistant Cuyahoga County Prosecutor Louis Brodnick and Marion County Common Pleas Court Judge William R. Finnegan. Plaintiff was found guilty by a jury of Trafficking Offenses, R.C. 2925.13A(2), Drug Possession, R.C. 2925.11A, and Possession of Criminal Tools, R.C. 2923.24A, and was sentenced to a term of imprisonment of 9 years. *State of Ohio v. Henderson*, Case No. CR-09-530899.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197

(6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

Plaintiff alleges that he received a phone call to deliver a crate. After he picked up the crate he was stopped by Cuyahoga County sheriff deputies, arrested and later convicted of the above named crimes. He contends that he is innocent. His appeals to the Eighth District Court of Appeals and the Ohio Supreme Court were unsuccessful. Plaintiff then filed a Petition for Writ of Habeas Corpus in the Marion County Common Pleas Court which was improperly dismissed by Judge Finnegan. Deputy Quirino, Prosecutor Mason and Assistant Prosecutor Brodnick allegedly secured an indictment without having any evidence. Further, Defendant Mason permitted Defendant Brodnick to investigate and continue prosecution knowing he was innocent. His criminal trial took place before Judge Saffold. Apparently, the City of Cleveland is a party because Plaintiff believes it controls the Sheriff's Department or because the alleged events occurred here. There are no allegations against Warden Beightler or Cashier Sterlingnl. Plaintiff requests damages in the amount of $352,000.00. Further Plaintiff adds that while in the Cuyahoga County Jail he was denied access to a law library.

The present case is clearly an instance where a court decision would express an opinion as to the validity of Plaintiff's conviction, as any opinion by this Court on the issue he seeks to raise would necessarily implicate the validity of that conviction. Thus, absent an allegation that Plaintiff's conviction has been reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, there is no cause of action. *Heck v. Humphrey*, 512 U.S. 477 (1994); *Omosule v. Hurley*, 2009 WL 5167641 * 2 (S.D. Ohio, Dec 21, 2009). In other words, a complaint seeking relief under 42 U.S.C. §1983 is not a permissible alternative to a petition for writ of habeas corpus if the Plaintiff essentially challenges

2

the legality of his conviction. *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973); *Kuehne v. Foley*, 2009 WL 1045897 * 2 (S.D. Ohio, Apr. 20, 2009). For this reason alone, Plaintiff's Complaint must be dismissed.

In addition, Judge Saffold and Judge Finnegan are Common Pleas Court Judges. It is well established that judges are immune from liability for actions taken within the scope of their official duties. *Pierson v. Ray*, 386 U.S. 547 (1967). This is true even if a judge acts erroneously, corruptly, or in excess of jurisdiction. *Stump v. Sparkman*, 435 U.S. 349 (1978). When the function complained of is truly a judicial act, judicial immunity applies. *Yarbrough v. Garrett*, 579 F.Supp.2d 856, 860 (E.D. Mich., 2008)(citing *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994)). There are no facts alleged reasonably suggesting Judge Saffold or Judge Finnegan acted outside the scope of their official duties. Judge Saffold and Judge Finnegan definitely acted within the scope of their official duties in presiding over Plaintiff's court cases.

Prosecutors are absolutely immune from liability under § 1983 for their conduct as long as that conduct is intimately associated with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). "The analytical key to prosecutorial immunity ... is advocacy- whether the actions in question are those of an advocate." *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) (citations and internal quotation marks omitted). There is no indication in the Complaint that Prosecutors Mason or Assistant Prosecutor Brodnick acted outside of the scope of their responsibilities.

Although prisoners have a constitutional right of access to the courts, *Bounds v. Smith*, 430 U.S. 817, 821 (1977), *overruled in part on other grounds by Lewis v. Casey*, 518 U.S. 343, 354 (1966), they have no protected right of access to a prison law library. *Lewis*, 518 U.S. at 350-51;

3

*Evans v. Willis*, 2009 WL 2044721, 2 (S.D.Ohio, Jul. 7, 2009). In the absence of a prison library, a pretrial detainee's right to access to the courts is fully protected by the appointment of counsel in the criminal case. *Martucci, v. Johnson,* 944 F.2d 291, 295 (6th Cir.1991) (no constitutional violation where jail provided legal material upon request and inmate was represented by appointed counsel during his criminal case since the constitution only requires an adequate law library or appointed counsel); *United States v. Manthey*, 92 Fed. Appx. 291, 297 (6th Cir.2004) (as long as a prisoner has the assistance of counsel during a criminal trial, the denial of law library privileges to that prisoner does not violate due process or impair his access to the courts); *Mays v. Cuyahoga County*, 2007 WL 2177892 * 2 (N.D.Ohio, Jul. 27, 2007) (lack of a library does not deny accused due process). The court's docket shows that Plaintiff was represented by counsel.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date:

*[signature] 3/24/11*
JUDGE DONAD C. NUGENT
UNITED STATES DISTRICT JUDGE