IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PAUL S. HENDERSON, ) | CASE NO. 1:11CV0219 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| CITY OF CLEVELAND, et al., ) | AND ORDER |
| ) | |
| Defendants. ) | |

This matter is before the Court upon Plaintiff Paul S. Henderson's Motion for Reconsideration of the Court's April 7, 2010 dismissal of his Complaint. (Doc. 6).

The Federal Rules of Civil Procedure do not provide for a Motion for Reconsideration. The Sixth Circuit, however, has held that a motion to vacate and reconsider may be treated under Federal Rule of Civil Procedure 59(e) as a motion to alter or amend a judgment. *Rodriguez v. City of Cleveland,* No. 1:08-CV-1892, 2009 WL 1565956 at * 1 (N.D. Ohio, Jun 6, 2009) (citing *Smith v. Hudson,* 600 F.2d 60, 62 (6th Cir.1979)). The motion is disfavored and is seldom granted because it contradicts notions of finality and repose. *Id. See Wells Fargo Bank v. Daniels,* No. 1:05-CV-2573, 2007 WL 3104760, at * 1 (N.D.Ohio, Oct.22, 2007); *Plaskon Elec. Materials, Inc. v. Allied-Sigal, Inc.,* 904 F.Supp. 644, 669 (N.D.Ohio, 1995). A court may grant a motion to amend or alter judgment if there is a clear error of law or newly discovered evidence exists, an intervening change in controlling law occurs, or to prevent manifest injustice. *See Gencorp, Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir.1999). "It is not the function of a motion to reconsider

either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.' " *McConocha v. Blue Cross & Blue Shield Mut. of Ohio,* 930 F.Supp. 1182, 1184 (N.D. Ohio, 1996) (quoting *In re August, 1993 Regular Grand Jury,* 854 F.Supp. 1403, 1408 (S.D. Ind., 1994)).

Plaintiff again raises his claim that the verdict in his criminal case was defective. The Court ruled that this action was barred by *Preiser v. Rodriguez,* 411 U.S. 475, 477 (1973), which held that a complaint seeking relief under 42 U.S.C. §1983 is not a permissible alternative to a petition for writ of habeas corpus if the Plaintiff essentially challenges the legality of his conviction. This ruling still applies to this case.

Plaintiff now claims that he was denied access to the courts because the warden returned his legal mail or refused to notarize legal documents because he had no money in his prison account. An inmate has a due process right concerning his prison trust account. *Vance v. Barrett,* 345 F.3d 1083, 1089 n.6 (9th Cir. 2003); *Hampton v. Hobbs,* 106 F.3d 1281, 1287 (6th Cir. 1997); *Boyer v. Taylor,* 2009 WL 2338173 * 5 (D. Del., Jul. 30, 2009). In order to prove a procedural due process claim under § 1983, a plaintiff must show that: 1) he has a protectable life, liberty or property interest; 2) the state deprived him of this interest; and 3) the state did not afford him adequate procedural rights prior to this deprivation. *Hahn v. Star Bank,* 190 F.3d 708, 716 (6th Cir.1999); *Horen v. Board of Educ. of Toledo City School Dist.,* 594 F.Supp.2d 833, 842-843 (N.D. Ohio 2009). The third element of a procedural due process claim requires that a plaintiff show that the constitutional right was not adequately protected by state-law post-deprivation remedies. *Gardner v. City of Cleveland,* 2009 WL 2591621 * 5 (N.D. Ohio, Aug 20, 2009) (citing *Parratt v. Taylor,* 451 U.S. 527, 543-44 (1981) (a § 1983 action is unavailable for deprivation of property without

procedural due process where there exists a state remedy that comports with due process), *overruled on other grounds by Daniels v. Williams,* 474 U.S. 327, 330-31 (1986). Plaintiff has not alleged that state remedies for return of his money are inadequate. In fact, he may have a claim under state law in state court. *See Braley v. City of Pontiac,* 906 F.2d 220, 225 (6th Cir.1990) (dismissing a § 1983 procedural due process claim because the plaintiff's state court tort action provided adequate procedural due process by post-deprivation redress).

Further, Plaintiff has not alleged facts sufficient to raise beyond the speculative level that he suffered an actual injury or harm that prejudiced his rights in his appeals proceedings or a civil case before Judge Eileen Gallagher. *See Johnson v. County of Wayne,* 2008 WL 4279359, 5 (E.D.Mich., Sep. 16, 2008) (claim dismissed because of absence of sufficient factual allegations showing that plaintiff suffered an actual injury or harm that prejudiced his rights in his criminal proceedings). He contends that he has not been allowed to file legal documents. However, he has been able to file at least two recent cases in this Court, as well as this Motion for Reconsideration. *Henderson v. Saffold,* Case No. 1:110CV1190 and *Henderson v. Beightler,* Case No. 1:11CCV0086. Moreover, petitions for writ of habeas corpus or writ of *procedendo* do not need to be notarized. A writ of *procedendo* is an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment in a pending action. Most likely, Plaintiff would not have been successful on his petition for writ of *procedendo.*

The Court has reviewed Plaintiff's statements in his Motion and finds that he has not shown a clear error of law or newly discovered evidence exists, an intervening change in controlling law has occurred, or that manifest injustice would be prevented if the case was reinstated.

Accordingly, Plaintiff's Motion for Reconsideration is denied.

IT IS SO ORDERED.

Date: April 19, 2011

/s/ Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE